## B. J. Morningstar, Plff. in Err., *v.* H. A. Jamieson & Co.

In an action of trover where the title is conclusively proved to have formerly been in plaintiff, if defendant alleges a change of title to himself he must establish it by preponderating evidence.

(Decided March 22, 1886.)

Error to the Common Pleas of Warren County to review a judgment for plaintiffs in an action of trover.   Affirmed.

The facts of the case appear in the charge of the court below, which was as follows:

This is an action of trover brought by H. A. Jamieson & Company, against the defendant, Morningstar, in which the plaintiffs claim that they are or were the owners of a buggy, the description of which has been given to you, and that in the spring of 1883, or thereabouts, the defendant took it and converted it to his own use.

In this, as in most suits, there are some facts that are undisputed.

The defendant was engaged, in the borough of Warren, in the business of manufacturing buggies and carriages.   It would seem that he became involved and made an assignment of his property, in form, to Mr. Pickett; although, according to the testimony, it was really H. A. Jamieson & Company, and kept in the name of Pickett, in order to distinguish it from the other business of Jamieson & Company.   There is no question but that this buggy passed to Mr. Pickett, with the other property. After the assignment there is no question of the fact that, by an arrangement between Mr. Morningstar, Mr. Pickett, and Mr. Ross, the buggy was sold to Mr. Ross and became his property, and the amount of $135 was fixed upon as the value of it,

and the amount for which it was sold to Mr. Ross was credited to Mr. Morningstar. A short time after this, by an arrangement between Mr. Ross, Jamieson & Company, or Mr. Pickett, they agreed to take back the buggy. In the meanwhile it had been left at Mr. Hardenburg's barn. They credited Mr. Ross with the amount, but it does not appear that it was ever charged back to Morningstar in any account. It remained in Hardenburg's barn, as the plaintiffs say, until sometime in 1883, at which time, as they claim, the defendant wrongfully took it and converted it to his own use. The defendant claims and introduces testimony to show that in point of fact the buggy came back into his possession in 1882. I do not see that this is of very much consequence in the case, except in so far as it bears on the credibility, or, rather, upon the recollection, of the witness as to the time. I do not see that it bears directly upon the question of the ownership of the buggy except in that way. There is no dispute as to the value of the property. It is in proof, on the part of the plaintiffs, that it is worth $135. If the plaintiffs are entitled to recover, it will be for $135, to which, by way of damages, may be added the interest from the time that Morningstar took it.

The real question in the case is: Who owned this buggy? I have stated that it is undisputed that the title to the property became vested in Jamieson & Company, and that Morningstar was credited with it. It is alleged, however, on the part of the defendant, that, in the settlement that took place between the parties, this buggy was given up to Mr. Morningstar. Mr. Morningstar, if I remember his testimony aright, does not say that he was present at any such arrangement when the buggy was given up to him, or when it was agreed upon, but that it was left with Mr. Noyes, as his attorney, to arrange with Jamieson & Company, and Mr. Noyes testifies that he has no recollection of what the arrangement was in regard to the buggy, except they had some difficulty and some talk about it. Mr. Jamieson and Mr. Pickett claim that in the settlement that took place, although at first they were not willing to take the buggy, it was finally agreed that they should take it, and it was left precisely as it was before, and receipts passed and the whole thing ended.

Of course, if Jamieson and Pickett are correct, then they are entitled to recover. If, in point of fact, you find the evidence to show that there was really an agreement by which

Morningstar was to have the buggy in the settlement, then, of course, the plaintiffs would not be entitled to recover. And we say to you, the burden of proof is upon Morningstar, if you find the title became vested in Jamieson & Company.

Upon the part of Morningstar, it is alleged that the assignment of the property that followed the settlement between the parties, about September 12, 1882, bears evidence that this property was transferred to him, Morningstar. On the other hand, the plaintiffs say that it was not included in the assignment, simply from the fact that the title had already passed when Morningstar had credit for it upon the books, and that the credit still remained to him upon the books. If this is the fact, of course Morningstar ought not to hold the property, and plaintiffs ought to recover. This is all we can say to you. The simple question of fact for you to remember is, whether, in the settlement that finally took place between Jamieson & Company and Morningstar, the ownership of the buggy passed by agreement to Morningstar.

Verdict and judgment having passed for plaintiffs, defendant brought error.

*S. T. Neill* for plaintiff in error.

*R. Brown* for defendant in error.

PER CURIAM:

Under the evidence in this case, there is no error in the charge. It is clear the title to the property in question was at one time in Jamieson & Company. It was, therefore, incumbent on the party alleging a change of title to establish it by preponderating evidence.

Judgment affirmed.